PAUL HASTINGS LLP
Thomas P. Brown (SB# 182916)
tombrown@paulhastings.com
Samuel C. Zun (SB# 264930)
samuelzun@paulhastings.com
Emily Dodds Powell (SB# 274488)
emilypowell@paulhastings.com
55 Second Street
Twenty-Fourth Floor
San Francisco, CA 94105-3441
Telephone: 1(415) 856-7000
Facsimile: 1(415) 856-7100

Attorneys for Defendant
eBay Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

vs.

EBAY INC.,

Defendant.

CASE NO. CV12-05869-EJD-PSG

DEFENDANT'S ANSWER TO AMENDED COMPLAINT

Defendant eBay Inc. ("eBay") answers the Amended Complaint ("Complaint") and alleges its affirmative defenses as follows. eBay denies that it committed any wrongdoing or violation of law that harmed its employees or anyone else.

In eBay's view, DOJ's Complaint has no merit. The Complaint does not allege that eBay's practices harmed anyone, let alone affected marketwide outcomes. DOJ does not allege that eBay's practices were motivated by a desire to lower the salaries or benefits of any employee or that the practices were motivated by any other anticompetitive purpose. Rather, the Complaint explains that eBay's practices arose out of a desire to accommodate the reasonable concerns of a valued eBay Board member. eBay's practices do not amount to an unreasonable restraint of trade and, thus, do not violate Section One of the Sherman Act.

eBay denies all allegations contained in the section headings and other portions of the Complaint that are not contained within the specifically numbered Paragraphs of the Complaint. Unless otherwise specifically noted, eBay lacks knowledge or information sufficient to admit or deny the truth of allegations concerning persons or entities other than eBay. To the extent that the Complaint contains allegations concerning other persons or entities, eBay denies that such allegations support any claim for relief against eBay. eBay objects to responding to any legal conclusions contained within the Complaint.

In this Answer, eBay reiterates the headings as they appear in the Complaint solely as reference points to provide context. eBay's reiteration of the section headings is in no way an admission or endorsement of any statement, allegation, or argument contained in such headings.

## NATURE OF THE ACTION

1. Defendant admits that Plaintiff's Complaint purports to bring this action under Section 1 of the Sherman Act. Defendant further admits that Meg Whitman has held the title of CEO of eBay. Defendant further admits that Scott Cook has held the titles of Founder and Chairman of the Executive Committee at Intuit. Defendant denies that it entered into a no-solicitation and no-hiring agreement with Intuit as alleged by the Plaintiff, and further denies that Defendant has committed any wrongdoing or violation of law that harmed its employees or

anyone else. Defendant lacks knowledge or information sufficient to admit or deny the truth of allegations concerning entities or persons other than eBay, and on that basis denies them. Except as otherwise expressly admitted, Defendant denies each and every allegation in Paragraph 1.

2. Defendant denies the existence of the agreement as alleged by the Plaintiff, and on that basis denies each and every allegation in Paragraph 2. Defendant lacks knowledge or information sufficient to form a belief about the truth of allegations concerning entities or persons other than eBay, and on that basis denies them.

3. Defendant denies the existence of the agreement as alleged by the Plaintiff, and on that basis denies each and every allegation in Paragraph 3. Defendant lacks knowledge or information sufficient to admit or deny the truth of allegations concerning entities or persons other than eBay, and on that basis denies them.

4. Defendant admits that Plaintiff seeks an order for injunctive "and other" relief pursuant to Section 1 of the Sherman Act, 15 U.S.C. § 1, but denies that Defendant has committed any wrongdoing or violation of law that harmed its employees or anyone else. Except as otherwise expressly admitted, Defendant denies each and every allegation in Paragraph 4.

**JURISDICTION AND VENUE**

5. Defendant admits that it conducts business with customers throughout the United States. Defendant further admits that it employs many individuals in a wide array of capacities. Defendant further admits that the Court has subject matter jurisdiction over this action. Except as otherwise expressly admitted, Defendant denies each and every allegation in Paragraph 5.

6. Defendant admits that venue in this judicial district is proper. Defendant further admits that it transacts or has transacted business in this judicial district and has its principal place of business within the district. Except as otherwise expressly admitted, Defendant denies each and every allegation in Paragraph 6.

**INTRADISTRICT ASSIGNMENT**

7. Defendant admits that venue in this judicial district is proper. Defendant further admits that its principal place of business is in Santa Clara County. Defendant further admits that

the Attorney General of the State of California filed a related complaint, which the Court dismissed on September 27, 2013. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 7, and on that basis denies them. Except as otherwise expressly admitted, Defendant denies each and every allegation in Paragraph 7.

**DEFENDANT**

8. Defendant admits that it is a Delaware corporation with its principal place of business in San Jose, California.

**CO-CONSPIRATORS**

9. Defendant admits that the Amended Complaint does not name Intuit or its senior executives as defendants. Defendant denies that senior executives at eBay participated as co-conspirators in the alleged actions. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 9, and on that basis denies them. Except as otherwise expressly admitted, Defendant denies each and every allegation in Paragraph 9.

**TRADE AND COMMERCE**

10. Defendant admits that Beth Axelrod co-authored a book entitled *The War for Talent* approximately twelve years ago and that the book contains the language quoted in Paragraph 10. Defendant lacks information or knowledge sufficient to form a belief as to the remaining allegations in Paragraph 10, and on that basis denies them. Except as otherwise expressly admitted, Defendant denies each and every allegation in Paragraph 10.

11. Defendant admits that *The War for Talent* contains the language quoted in Paragraph 11. Defendant denies the existence of the agreement as alleged by the Plaintiff, and on that basis denies each and every allegation in Paragraph 11 regarding the alleged agreement. Defendant lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 11, and on that basis denies them. Except as otherwise expressly admitted, Defendant denies each and every allegation in Paragraph 11.

12. Defendant admits that Mr. Cook served as a member of eBay's Board of Directors. Defendant denies the existence of the agreement as alleged by the Plaintiff, and on that basis denies each and every allegation in Paragraph 12 regarding the alleged agreement. Defendant lacks knowledge or information sufficient to form a belief about the truth of allegations concerning entities or persons other than eBay, and on that basis denies them. Except as otherwise expressly admitted, Defendant denies each and every allegation in Paragraph 12.

13. Defendant admits that some eBay employees reside in California. Defendant further admits that Cal. Bus. & Prof. Code § 16600 states, in part, that "every contract by which anyone is restrained from engaging in a lawful profession, trade, or business of any kind is to that extend void," but denies the existence of the agreement as alleged by the Plaintiff, and on that basis denies each and every allegation in Paragraph 13 regarding the alleged agreement. Defendant lacks knowledge or information sufficient to form a belief about the truth of allegations concerning entities or persons other than eBay, and on that basis denies them. Except as otherwise expressly admitted, Defendant denies each and every allegation in Paragraph 13.

**THE UNLAWFUL AGREEMENT**

14. Defendant denies the existence of the agreement as alleged by the Plaintiff, and on that basis denies each and every allegation in Paragraph 14.

15. Defendant admits that Maynard Webb held the title of Chief Operating Officer in November 2005. Defendant admits the existence of email communications dated within November 2005 and containing the language quoted in Paragraph 15, but denies the remainder of Plaintiff's allegations characterizing or paraphrasing the substance of those communications. Defendant lacks knowledge or information sufficient to form a belief about the truth of allegations concerning entities or persons other than eBay, and on that basis denies them. Except as otherwise expressly admitted, Defendant denies each and every allegation in Paragraph 15.

16. Defendant admits that Meg Whitman held the title of CEO in December 2005. Defendant admits the existence of email communications dated within December 2005 and containing the language quoted in Paragraph 16, but denies the remainder of Plaintiff's

allegations characterizing or paraphrasing the substance of those communications. Except as otherwise expressly admitted, Defendant denies each and every allegation in Paragraph 16.

17. Defendant denies the existence of the agreement as alleged by the Plaintiff, and on that basis denies each and every allegation in Paragraph 17 regarding the alleged agreement. Defendant admits the existence of email communications dated within August 2006 and containing the language quoted in Paragraph 17, but denies the remainder of Plaintiff's allegations characterizing or paraphrasing the substance of those communications. Except as otherwise expressly admitted, Defendant denies each and every allegation in Paragraph 17.

18. Defendant denies the existence of the agreement as alleged by the Plaintiff, and on that basis denies each and every allegation in Paragraph 18 regarding the alleged agreement. Defendant admits that David Knight held the title of Vice President, Internal Communications at eBay in April 2007. Defendant further admits the existence of email communications dated within April and May 2007 and containing the language quoted in Paragraph 18, but denies the remainder of Plaintiff's allegations characterizing or paraphrasing the substance of those communications. Except as otherwise expressly admitted, Defendant denies each and every allegation in Paragraph 18.

19. Defendant admits the existence of email communications containing the language quoted in Paragraph 19, but denies the remainder of Plaintiff's allegations characterizing or paraphrasing the substance of those communications. Defendant admits that David Knight extended an offer to an applicant he described as an Intuit employee. Defendant admits that Ms. Axelrod's response included the quoted language, "no flexibility" and "hands off," but denies the remainder of Plaintiff's allegations characterizing or paraphrasing the substance of that response. Except as expressly otherwise admitted, Defendant denies each and every allegation in Paragraph 19.

20. Defendant admits the existence of email communications containing the language quoted in Paragraph 20, but denies the remainder of Plaintiff's allegations characterizing or

paraphrasing the substance of those communications. Except as expressly otherwise admitted, Defendant denies each and every allegation in Paragraph 20.

21. Defendant admits the existence of email communications containing the language quoted in Paragraph 21, but denies the remainder of Plaintiff's allegations characterizing or paraphrasing the substance of those communications. Defendant lacks knowledge or information sufficient to form a belief about the truth of allegations concerning entities or persons other than eBay, and on that basis denies them. Except as expressly admitted, Defendant denies each and every allegation in Paragraph 21.

22. Defendant admits the existence of email communications dated within August 2007 and containing the language quoted in Paragraph 22, but denies the remainder of Plaintiff's allegations characterizing or paraphrasing the substance of those communications. Except as expressly admitted, Defendant denies each and every allegation in Paragraph 22.

23. Defendant denies the existence of the agreement as alleged by the Plaintiff, and on that basis denies each and every allegation in Paragraph 23 regarding the alleged agreement. Defendant admits the existence of email communications containing the language quoted in Paragraph 23, but denies the remainder of Plaintiff's allegations characterizing or paraphrasing the substance of those communications. Defendant further admits that there were periods of time during which it did not hire applicants who, at the time of their application, were currently employed by Intuit. Defendant further admits that Ms. Axelrod emailed Mr. Cook to confirm an applicant's assertion that she had left Intuit. Except as expressly admitted, Defendant denies each and every allegation in Paragraph 23.

24. Defendant denies the existence of the agreement as alleged by the Plaintiff, and on that basis denies each and every allegation in Paragraph 24 regarding the alleged agreement. Defendant admits the existence of email communications containing the words "passed" and "talented," but denies the remainder of Plaintiff's allegations characterizing or paraphrasing the substance of those communications. Defendant lacks knowledge or information sufficient to form a belief about the truth of allegations concerning entities or persons other than eBay, and on

that basis denies them. Except as expressly admitted, Defendant denies each and every allegation in Paragraph 24.

25. Defendant denies the existence of the agreement as alleged by the Plaintiff, and on that basis denies each and every allegation in Paragraph 25 regarding the alleged agreement. Defendant admits the existence of email communications dated within June 2009 and containing the language quoted in Paragraph 25, but denies the remainder of Plaintiff's allegations characterizing or paraphrasing the substance of those communications. Except as expressly admitted, Defendant denies each and every allegation in Paragraph 25.

**VIOLATION ALLEGED**

**(Violation of Section 1 of the Sherman Act)**

26. In answering paragraph 26 of the Complaint, Defendant incorporates herein, as though fully set forth, its responses to Paragraphs 1 to 25 above, and asserts them in response to Paragraph 26 of the Complaint.

27. Paragraph 27 contains legal conclusions to which no response is required. Except as expressly admitted, Defendant denies each and every allegation in Paragraph 27 of the Complaint.

28. Paragraph 28 contains legal conclusions to which no response is required. Except as expressly admitted, Defendant denies each and every allegation in Paragraph 28 of the Complaint.

29. Paragraph 29 contains legal conclusions to which no response is required. Except as expressly admitted, Defendant denies each and every allegation in Paragraph 29 of the Complaint.

**DEFENDANT'S AFFIRMATIVE DEFENSES**

Without assuming any burden of proof it would not otherwise bear, Defendant asserts the following affirmative or other defenses. Defendant reserves the right to assert further defenses as discovery proceeds.

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

The Complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

Plaintiff's claim is barred, in whole or in part, by the applicable statute of limitations.

**THIRD AFFIRMATIVE DEFENSE**

**(Independent Business Justifications)**

Plaintiff's claim is barred because Defendant's alleged conduct has been based on independent, legitimate business and economic justifications, without any purpose or intent to injure competition.

**FOURTH AFFIRMATIVE DEFENSE**

**(Pro-Competitive Justifications)**

Plaintiff's claim is barred because it is not based on exclusionary conduct but rather is based on conduct that has the purpose or effect of promoting, encouraging, or increasing competition.

**FIFTH AFFIRMATIVE DEFENSE**

**(Offset)**

Plaintiff's claim is barred, in whole or in part, to the extent that any claimed injury has been offset by benefits received with respect to the challenged conduct.

**SIXTH AFFIRMATIVE DEFENSE**

**(Ultra Vires)**

Plaintiff's claim is barred to the extent that any actionable conduct was committed by any individual acting ultra vires.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Laches)**

Plaintiff's claim is barred by the doctrine of laches.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant eBay prays:

1. That the Complaint be dismissed as against Defendant, with prejudice;

2. For the costs of suit and reasonable attorneys' fees incurred herein; and

3. For such other relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Defendant hereby demands a trial by jury of all issues triable by jury.

DATED: _____________, 2013

PAUL HASTINGS LLP
Thomas P. Brown
Samuel C. Zun
Emily Dodds Powell

By: *_/s/ Thomas P. Brown_*
Thomas P. Brown

Attorneys for Defendant
eBay Inc.