N. Scott Sacks, Attorney (D.C. Bar No. 913087)
Jessica N. Butler-Arkow, Attorney (D.C. Bar No. 430022)
Danielle Hauck (Member, New York Bar, numbers not assigned)
Anna T. Pletcher, Attorney (California Bar No. 239730)
Adam Severt, Attorney (Member, Maryland Bar, numbers not assigned)
Ryan Struve, Attorney (D.C. Bar No. 495406)
Shane Wagman, Attorney (California Bar No. 283503)
United States Department of Justice
Antitrust Division
450 Fifth Street NW, Suite 7100
Washington, DC 20530
Telephone: 202-307-6200
Facsimile: 202-616-8544
Email: scott.sacks@usdoj.gov

Attorneys for Plaintiff United States of America

THOMAS P. BROWN (SB# 182916)
`tombrown@paulhastings.com`
SAMUEL C. ZUN (SB# 264930)
`samuelzun@paulhastings.com`
EMILY DODDS POWELL (SB# 274488)
`emilypowell@paulhastings.com`
PAUL HASTINGS LLP
55 Second Street
Twenty-Fourth Floor
San Francisco, CA  94105-3441
Telephone:  1(415) 856-7000
Facsimile:  1(415) 856-7100

MARY JEAN MOLTENBREY (D.C. Bar No. 481127)
(admitted pro hac vice)
`mjmoltenbrey@paulhastings.com`
KIRBY D. BEHRE (D.C. Bar No. 398461)
(admitted pro hac vice)
`kirbybehre@paulhstings.com`
PAUL HASTINGS LLP
875 15th Street, N.W.
Washington, D.C.  20005
Telephone:  1(202) 551-1700
Facsimile:  1(202) 551-0225

Attorneys for Defendant
eBay Inc.

1

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                             Plaintiff,<br><br>v.<br><br>EBAY INC.<br><br>                             Defendant. | Case No. 12-CV-05869-EJD-PSG<br>JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER<br><br>Date:   November 15, 2013<br>Time:   10:00 a.m.<br>Judge:  Hon. Edward J. Davila |

The parties to the above-entitled action jointly submit this **JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER** pursuant to the Standing Order for All Judges of the Northern District of California, dated July 1, 2011 and Civil Local Rule 16-9.  Pursuant to Rules 16(b) and 26(f) of the Federal Rules of Civil Procedure and Civil Local Rule 16-10(b), the parties respectfully request that the Court adopt the non-disputed provisions of this Order as the Case Management Order in this case.  The parties have met and conferred, along with counsel for the State of California in the related case.

**1. Jurisdiction and Service**

The basis for the Court's subject matter jurisdiction is Sections 1 and 4 of the Sherman Act, 15 U.S.C. §§ 1, 4 and 28 U.S.C. §§ 1331, 1337.  The Court has personal jurisdiction over Defendant, and venue is proper in this Court.  Defendant has accepted service of the Complaint and has waived service of summons.  No parties remain to be served.

## 2. Facts

### Plaintiff's Position

Plaintiff alleges that no later than August, 2006, eBay Inc. ("eBay"), and Intuit, Inc. ("Intuit"), entered into a *quid pro quo* agreement that restrained each other's ability to recruit and hire employees of the other company by preventing solicitation of each firm's existing employees, and preventing eBay from hiring any Intuit employees. eBay and Intuit refrained from recruiting from or hiring then-current employees of the other firm, and both firms passed on opportunities to interview and hire attractive job candidates.  The agreement was entered into, implemented and enforced by executives and directors of both firms, including but not limited to Margaret Whitman, Maynard Webb, and Beth Axelrod for eBay and Scott Cook, Sherry Whitely, and Rob Lake for Intuit.  The agreement was naked, that is, not reasonably necessary to further any procompetitive activity.  This agreement continued to at least 2009 and Plaintiff does not know if, and if so, when, the agreement was terminated.  The effect of the agreement was to restrain the opportunities of employees of the two firms to obtain higher salaries, better benefits and job opportunities, as well as distort the competitive process for allocating employees in labor services markets.

### Defendant's Position

Plaintiff's Amended Complaint ("Complaint") alleges that in November 2005, an eBay officer approached an eBay Director seeking guidance regarding a proposed eBay policy with respect to recruiting from Intuit, a company for which that eBay Director served as founder and Chairman of the Executive Committee.  As the Complaint alleges, the eBay Director described an existing Intuit policy and made suggestions regarding the proposed eBay policy.  The eBay Director's reservations regarding hiring practices between companies with shared officers or directors was not surprising, given the potential conflicts of interest that might arise under those circumstances.

The Complaint alleges that eBay developed a policy under which it refrained from recruiting, and for a time hiring, from Intuit.  All of the communications alleged in the

Complaint that contributed to the development of that policy occurred solely between eBay employees, officers, and Directors. The Complaint does not allege any facts indicating that the challenged conduct occurred after June 2009, nearly four years ago.

The Complaint does not allege a single fact in support of Plaintiff's conclusory allegation that the challenged policy restrained opportunities, salaries, or benefits for employees of either eBay or Intuit. Nor does the Complaint allege facts that demonstrate a meaningful impact on competition within any cognizable market.

### 3. Legal Issues

The key legal issues and the parties' respective positions were discussed at some length in the Motion to Dismiss briefing and hearing. What follows here is a very brief summary.

#### Plaintiff's Position

Plaintiff alleges that the agreement between eBay and Intuit, two independent firms, was a naked market allocation agreement that was manifestly anticompetitive and without any redeeming virtue, and thus constituted a *per se* violation of Section 1 of the Sherman Act. Compl. ¶¶ 4, 26-28 (ECF No. 1); *see Leegin Creative Leather Prods., Inc. v. PSKS, Inc.*, 551 U.S. 877, 886 (2007); *United States v. Brown*, 936 F.2d 1042, 1045 (9th Cir. 1991) (citing *United States v. Topco Assocs., Inc.*, 405 U.S. 596, 608 (1972)) (holding that an agreement between purchasers of billboard leases to refrain from bidding on each other's former leaseholds was a market allocation constituting a "classic per se antitrust violation."). Neither detailed economic analysis of a labor services market nor proof of actual anticompetitive effects is required for such a naked agreement to be judged a *per se* unlawful market allocation agreement or otherwise a naked agreement *per se* unlawful. *See Arizona v. Maricopa Cnty. Med. Soc'y*, 457 U.S. 332, 343-44 (1982); *California ex rel. Harris v. Safeway, Inc.*, 651 F.3d 1118, 1133 (9th Cir. 2011) (quoting *Nw. Wholesale Stationers, Inc. v. Pac. Stationary & Printing Co.*, 472 U.S. 284, 289 (1985)).

Plaintiff alternatively alleges that the agreement constituted a violation of Section 1 of the Sherman Act under a "quick look" rule of reason analysis, as an observer with even a rudimentary understanding of economics could conclude that the agreement would have an anticompetitive effect. Compl. ¶ 29; *see Safeway*, 651 F.3d at 1134 (quoting *California Dental Ass'n v. FTC*, 526 U.S. 756, 770 (1999)). As such, in the absence of any plausible procompetitive activity to which the alleged agreement was ancillary, the agreement may be condemned without further detailed economic analysis under the rule of reason. *See FTC v Ind. Fed'n of Dentists*, 476 U.S. 447, 459-60 (1986); *Nat'l Collegiate Athletic Ass'n v. Bd. Of Regents of Univ. of Okla.*, 468 U.S. 85, 110 (1984).

**Defendant's Position**

Plaintiff's attempt to characterize an internal decision made among eBay personnel as a Section 1 violation is contrary to long-standing antitrust doctrine that requires the existence of an agreement between **independent** economic actors. *See Copperweld Corp. v. Independence Tube Corp.*, 467 U.S. 752 (1984). Plaintiff's theory, if accepted, threatens a conflict between Section 1 of the Sherman Act and Section Eight of the Clayton Act, which allows officers and directors to serve on multiple boards, provided that the companies involved do not compete above certain *de minimis* numerical thresholds. 15 U.S.C. § 19(a)(1)-(2).

Plaintiff's Complaint does not allege any facts demonstrating that the challenged policy harmed anyone, let alone caused the type of unreasonable harm to competition that the antitrust laws actually prohibit. Plaintiff has conceded, and the Court has recognized, that this decision precludes Plaintiff from later attempting to state a claim under the rule of reason. Instead of alleging facts, Plaintiff seeks to rely on judicially-created presumptions of harm—the *per se* rule and the "quick look" doctrine—that only apply under extraordinary circumstances. In doing so, Plaintiff ignores that no court has ever applied the *per se* rule to find a bilateral agreement between potential employers regarding hiring practices illegal, and the few courts that have considered such arrangements have applied the presumptive antitrust standard—the rule of reason. *See,*

5

*e.g., Bogan v. Hodgkins,* 166 F.3d 509 (2d Cir. 1999); *Union Circulation Co. v. FTC*, 241 F.2d 652 (2d Cir. 1957); *Aydin Corp. v. Loral Corp.*, 718 F.2d 897 (9th Cir. 1983). Plaintiff also fails to take into account that the challenged policy was ancillary to a legitimate business purpose ─ namely, accommodating the reasonable concerns of a valued Board member. This legitimate business purpose directly undermines any assertion that the alleged agreement was a naked restraint, a required finding for *per se* treatment.

**4. Motions**

On January 22, 2013, Defendant filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). The Court held a hearing on April 26, 2013, and on September 27, 2013, the Motion to Dismiss was denied. eBay anticipates filing a motion for summary judgment.

**5. Amendment of Pleadings**

On April 23, 2013, the Court granted the Plaintiff's Stipulated Motion for Leave to File an Amended Complaint. Stipulation & Order Granting United States' Stipulated Mot. For Leave to File Am. Compl. (ECF No. 29). The Amended Complaint was filed on June 4, 2013 (ECF No. 36). Plaintiff does not intend to further amend its pleadings at this time.

**6. Evidence Preservation**

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"). The parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) and ESI Guideline 2.02 regarding the preservation of evidence relevant to the issues in this case. The parties are committed to cooperating with the production of ESI in the most efficient and least burdensome manner as the nature and scope of such productions becomes better defined.

Defendant states that in connection with discovery undertaken by the Plaintiff prior to the initiation of this litigation, eBay suspended its standard retention policies related to documents, including electronic documents, that it believed were potentially

relevant to the issues reasonably evident in this action. In brief, eBay employees identified as having some connection to Plaintiff's claims, or Defendant's likely defenses, were notified by eBay to retain relevant documents. This notice informed employees that they are to preserve, and not destroy, any pertinent documents (electronic and hard copy) that could relate to this litigation. eBay also preserved, at the specific request of the Plaintiff, certain database information related to, among other things, employment applications and hiring. eBay also made several productions of electronic information to Plaintiff. eBay believes that it has met its obligations to preserve evidence as required under the Federal Rules.

Plaintiff states that it has no specific knowledge of the adequacy of the actions taken to preserve documents and ESI by the defendant, and thus has no position at this time as to whether the steps taken meet its obligations as required under the Federal Rules. Plaintiff reserves the right in its discretion to take discovery on this issue as warranted.

The parties agree that neither party is required to preserve or produce in discovery the following categories of information, some of which is ESI:

 (1) voicemail messages, except where they are contained within the party's email systems;

 (2) e-mail or other electronic messages sent to or from a personal digital assistant or smartphone (e.g., Blackberry or iPhone), provided that a copy of such e-mail or message is routinely saved and preserved elsewhere;

 (3) other electronic data stored on a personal digital assistant or smartphone, such as calendar or contact data or notes, provided that a copy of such information is routinely saved and preserved elsewhere;

 (4) temporary or cache files, including Internet history, web browser cache, and cookie files, wherever located;

 (5) server, system, or network logs;

(6) documents sent solely between outside counsel for Defendant (or persons employed by or acting on behalf of such counsel) or solely between counsel for the United States (or persons employed by the United States Department of Justice) or between counsel for the United States and counsel for the State of California;

(7) documents authored by Defendant's counsel that were not directly or indirectly furnished to any person outside of Defendant's legal department(s) or outside counsel, or persons employed by counsel, such as internal memoranda; and

(8) documents authored by counsel for (or other employees of) the United States that were not directly or indirectly furnished to any third party other than counsel for the State of California, such as internal memoranda.

**7. Disclosures**

The parties will exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a) within fourteen (14) calendar days following the entry of a case management order by the Court. At sixty (60) calendar days after the date of the initial disclosures made pursuant to this Order, and thereafter as required by the Federal Rules of Civil Procedure, the parties shall exchange any modifications or supplements to their disclosures.

**8. Discovery**

**a. Status of Discovery.** To date, there has been no discovery propounded, except that Defendant produced 1,818 documents (5,638 pages) of ESI and selected portions of an electronic database related to recruiting and hiring in response to a Civil Investigative Demand issued during the Department of Justice investigation prior to the Complaint.

**b. Production of Documents and ESI.** The parties have considered entering into a stipulated e-discovery order. The foreseeable e-discovery issues are addressed in this section and Paragraph 6 of this Order. The parties are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout the matter consistent with this Court's Guidelines for the Discovery of ESI. The parties propose

that in responding to an initial Fed. R. Civ. P. 34 request, the parties will meet and confer about the methods to search ESI in order to identify ESI that is subject to production and filter out ESI that is not subject to discovery.  The parties shall designate liaisons to each other who are and will be knowledgeable about and responsible for discussing their respective ESI, and the parties will rely on the liaisons, as needed, to confer about ESI and to help resolve disputes without court intervention.  Each e-discovery liaison will be, or have access to those who are, knowledgeable about the technical aspects of e-discovery, including the location, nature, accessibility, format, collection, search methodologies, and production of ESI in this matter.

Except as otherwise agreed, and where possible, the parties shall produce all documents and ESI in accordance with the Department of Justice's most recent Standard Specifications for Production of ESI ("DOJ Standard") (filed herein as Attachment A), except when producing documents and ESI received from non-parties.  Documents previously produced by Defendant need not be reproduced due to any failure to meet the current DOJ Standard.  The parties shall produce all documents and ESI received from non-parties in the same manner and format in which the materials were originally produced by the non-party.  Should either party issue any document subpoena on non-parties, the instructions in that subpoena shall request production conforming to the DOJ Standard.

**c. Protective Order.**  The parties have had discussions related to a proposed protective order governing the production and use of confidential information. The parties plan to file a stipulated protective order prior to the Case Management Conference set for November 15, 2013.

**d. Proposed Discovery Plan**.

**Party Discovery**

<u>Written Discovery</u>.  The parties shall serve no more than **thirty-five (35)** document requests and no more than **thirty (30)** interrogatory requests on the opposing party.

Depositions.

**Plaintiff's Position**

Plaintiff is permitted a maximum of **one hundred and sixty (160) hours** of deposition of current and past employees and directors of Defendant, not including Scott Cook. Time shall be actual record time, and Plaintiff is entitled to a maximum of **seven (7) hours** per deposition.

**Rationale for Plaintiff's Party Deposition Proposal**

Plaintiff has taken little discovery prior to filing the Complaint. As noted above in Paragraph 8a, Defendant produced a limited production during the pre-Complaint investigation ─ 1,818 documents and portions of a database. No interviews or depositions of eBay employees or directors were conducted. Based on our review of these materials, we have identified at least 17 eBay management employees who appear to have direct knowledge of the initiation and/or implementation of the agreement by eBay. In addition, Defendant claims that any such agreement is a legitimate action relating to the avoidance of conflict for board members, and thus Plaintiff intends to take depositions of a significant number of eBay directors, particularly outside directors from technology firms, to cover a range of issues made relevant by Defendant's conflict of interest defense. Plaintiff expects that a number of these depositions will require fewer than the 7 hour limit. Plaintiff believes that flexibility, efficiency, and fairness are best served by imposing a limit on depositions in terms of hours rather than number of deponents.

**Defendant's Position**

Plaintiff is permitted to depose a maximum of **ten (10)** individuals affiliated with Defendant, including current and past employees and directors, and including Scott Cook. Time shall be actual record time, and Plaintiff is entitled to a maximum of **seven (7)** hours per deposition.

**Rationale for Defendant's Party Deposition Proposal**

eBay's position is that the proper way to limit depositions is by number of individuals to be deposed. Such an approach is consistent with the parties' agreement with respect to document requests and interrogatories. Furthermore, the number of hours of deposition requested by Plaintiff seems excessive as a general matter, and particularly so where those hours could potentially be distributed among a large number of current and former eBay employees and directors. Subjecting eBay to such a large number of depositions would be overly burdensome and disproportionate to the narrow scope of issues articulated in the Court's Order on eBay's motion to dismiss. Furthermore, Plaintiff's rationale for deposing a "significant number" of eBay directors is not consistent with eBay's position that the challenged policy was implemented to accommodate the reasonable concerns of *one* such director.

**Non-party Discovery**

<u>Written Discovery</u>. Parties shall request that non-parties simultaneously produce materials to both Plaintiff and Defendant, regardless of which party sought the materials. If, notwithstanding such request, the non-party did not produce copies to both sides, the issuing party will provide a copy of all materials produced to the other side within **seven (7) calendar days** after receipt of the materials from the non-party. Any party that does not have access to materials provided by a non-party in response to a subpoena issued pursuant to Fed. R. Civ. P. 45 for at least **seven (7) business days** before any deposition in which the materials will be used as exhibits may elect to have the deposition postponed until the party has had access to the materials for at least **two (2)** business days.

If a party modifies or explains a Fed. R. Civ. P. 45 document request or extends the time to respond in writing, it shall simultaneously provide that written extension, modification or explanation to the opposing party. Any oral modifications or extensions of time by a party to a non-party must be conveyed to the opposing side as soon as

practicable but in any event no later than **one (1) business day** after such modification or extension is granted.

### Depositions.

#### Plaintiff's Position

The parties are each permitted a maximum of **seventy-five (75) hours** of deposition of current and past employees and directors of Intuit, including Scott Cook. Time shall be actual record time, and each party is entitled to a maximum of **seven (7) hours** of deposition of Scott Cook and two other Intuit employees designated by each party. All other depositions shall be a maximum of **seven (7) hours**, with the right to time evenly split between the parties.

The parties are each permitted a maximum of **sixty-five (65) hours** of deposition of non-parties other than current and past employees and directors of Intuit, with the right to time in each deposition evenly split between the parties.

#### Rationale for Plaintiff's Non-Party Deposition Proposal

Plaintiff has taken little third-party discovery prior to filing the Complaint. Based on our review of limited Intuit materials produced during the investigation, there are a number of Intuit employees with knowledge relating to the initiation and implementation of the agreement. None of these individuals were deposed prior to the filing of this case. Moreover, there are outside third parties, including employee recruitment agencies, which may have knowledge of the implementation of the agreement by eBay. Plaintiff cannot now determine with reasonable precision the number of depositions that will be required. Plaintiff expects that a number of these depositions will require fewer than the 7 hour limit. Plaintiff believes that flexibility, efficiency, and fairness are best served by imposing a limit on depositions in terms of hours rather than number of deponents.

#### Defendant's Position

The parties are each permitted to depose a maximum of **seven (7)** individuals affiliated with Intuit, including current and past employees and directors of Intuit, not including Scott Cook. Time shall be actual record time, and each party is entitled to a

maximum of **seven (7)** hours per deposition, with the right to time evenly split between the parties.

The parties are each permitted to depose a maximum of **six (6)** individuals not currently or previously affiliated with eBay or Intuit. Time shall be actual record time, and each party is entitled to a maximum of **seven (7)** hours per deposition, with the right to time in each deposition evenly split between the parties.

### Rationale for Defendant's Non-Party Deposition Proposal

eBay's position is that the proper way to limit depositions is by number of individuals to be deposed. Such an approach is consistent with the parties' agreement with respect to document requests and interrogatories. Furthermore, the number of hours of deposition requested by Plaintiff seems excessive as a general matter, and particularly so where those hours could potentially be distributed among a large number of third-party individuals. Subjecting eBay to such a large number of depositions would be overly burdensome and disproportionate to the narrow scope of issues articulated in the Court's Order on eBay's motion to dismiss. In light of this narrow scope, it is unclear why Plaintiff will require more than several depositions of individuals affiliated with Intuit or other third parties.

**e. Discovery of Expert Related Materials.** No party is required to preserve or produce in discovery the following documents:

i. any form of oral or written communications or correspondence between (1) counsel and expert witnesses; (2) counsel and expert witness staff; (3) expert witnesses and their respective staff; (4) expert witnesses and other expert witnesses; (5) employees of Plaintiff or Defendant and expert witnesses; or (6) employees of Plaintiff or Defendant and expert witness' staff;

ii. notes, drafts, written communications, data formulations or runs, or any database-related operations or other types of preliminary work created by, or for, expert witnesses or their staff. The protections against discovery contained in this paragraph shall not apply to any communications or documents that relate to a) compensation for

13

the expert's study or testimony or b) information upon which the expert relies as a basis for any of his or her opinions or reports.

**f. Electronic Service.** Plaintiff proposes that the parties shall serve documents, including pleadings, discovery requests, and trial materials, on each other through e-mail, except to the extent that transmission of any such documents electronically is impractical, in which event service shall be made by hand or through overnight delivery. Service by e-mail shall be considered the same as service by hand. The parties shall serve each other with copies of all third-party discovery related materials (including but not limited to every third-party subpoena for documents and/or testimony) as soon as is practical but in no event later than **one (1)** business day after service on the third-party unless good cause is shown. For electronic service to be effective, it should be served on the counsel for both parties identified below:

Plaintiff: N. Scott Sacks, Jessica Butler-Arkow, Danielle Hauck

Defendant: Thomas P. Brown, Samuel C. Zun, Emily Dodds Powell

**9. Class Actions**

This is not a class action.

**10. Related Cases**

There is one related case: *California v. eBay, Inc.*, Case No. CV 12-5874-EJD (N.D. Cal, filed Nov. 16, 2012).

**Plaintiff's Position**

In the interest of judicial efficiency and to avoid duplicative discovery, discovery and scheduling with respect to the common antitrust issues should be coordinated and simultaneous between the two cases. The two cases can be tried simultaneously. Coordinated and simultaneous discovery in the related case can and should proceed on the common antitrust issues during the pendency of Defendant's anticipated motion to dismiss in the related case.

**Defendant's Position**

The deadline for eBay to respond to the State's Second Amended Complaint is November 22, 2013. eBay currently anticipates filing a motion to dismiss that will be potentially dispositive of the State's claims. Accordingly, it is premature at this time for the parties to discuss whether discovery, scheduling, or a trial should be coordinated and simultaneous between the two cases.

11. **Relief**

Plaintiff requests that:

(1) Defendant's agreement with Intuit to restrain competition for employees be adjudged to violate Section 1 of the Sherman Act;

(2) Defendant be enjoined from enforcing or adhering to any existing agreement that unreasonably restricts competition for employees between it and any other person;

(3) Defendant be permanently enjoined from establishing any similar agreement with any other person except as prescribed by the Court;

(4) Plaintiff be awarded the costs of this action; and

(5) such other relief as the Court may deem just and proper to redress and prevent recurrence of the alleged violation and to dissipate the anticompetitive effects of such conduct.

12. **Settlement and ADR**

The parties have discussed settlement, and the possible terms of settlement are understood by the parties.  Pursuant to ADR Local Rule 3-5, the parties have reviewed the ADR Handbook, discussed it with their counsel, and come to the conclusion that no ADR process is likely to deliver benefits sufficient to justify the resources committed to its use, and this case should be exempted from participating in any ADR process.

13. **Consent to Magistrate Judge for All Purposes**

Plaintiff has declined to consent to proceed before a Magistrate Judge for all purposes.

### 14. Other References

The parties do not believe that this case is suitable for reference to binding arbitration, special master, or the Judicial Panel on Multidistrict Litigation.

### 15. Narrowing of Issues

The parties do not believe that it is possible to narrow the issues at this time. The parties will continue to discuss the possibility of narrowing the issues and, concomitantly, the scope of discovery.

### 16. Expedited Trial Procedure

The parties do not believe that this case is appropriate to be handled under the Expedited Trial Procedure of General Order 64.

### 17. Scheduling

**a.** F**act Discovery**. Fact discovery shall be completed by **two hundred and ten (210) calendar days** after the entry of this Order unless extended by the Court for good cause shown.

**b. Expert Designation and Discovery.** The parties shall identify any expert(s) that they plan to call in their case-in-chief no later than **seven (7) calendar days** before filing of the Joint Preliminary Pretrial Conference Statement. The parties shall identify any anticipated additional rebuttal experts no later than **three (3) business days** before the Preliminary Pretrial Conference. The parties shall serve any report(s) within **fourteen (14) calendar days** after the close of fact discovery and any rebuttal reports within **twenty-one (21) calendar days** after receipt of the underlying report that is addressed by the rebuttal report. Depositions of experts must be completed within **sixty (60) calendar days** after the close of fact discovery.

**c. Preliminary Pretrial Conference.** As required in this Court's **Standing Order Regarding Preliminary and Final Pretrial Conferences and Trial Preparation in Civil Cases** (hereafter "Standing Order"), a Preliminary Pretrial Conference shall be scheduled approximately **thirty (30) days** before the close of discovery. Lead counsel for the parties shall meet and confer no later than **twenty-one (21) calendar days** prior to

the filing of the Joint Preliminary Pretrial Conference Statement. No later than **ten (10) calendar days** prior to Preliminary Pretrial Conference, the parties shall file a Joint Preliminary Pretrial Conference Statement containing the items as required by the Standing Order.

    **d. Witness Lists.** The parties shall serve preliminary witness lists no later than **seven (7) calendar days** prior to the filing of the Joint Preliminary Pretrial Conference Statement. The parties shall serve final witness lists **seven (7) calendar days** after the close of fact discovery. The parties have the right to depose any person identified on the final witness list that was not on the preliminary witness list within **twenty-one (21) calendar days** of the date the final witness list was served.

    **e. Dispositive Motions.** Dispositive motions must be filed within **seventy (70) calendar days** of the close of fact discovery.

    **f. Trial.** The parties believe that this case can be ready for trial approximately **twelve (12) months** from the date of this Order.

    **18. Trial**

This case will be a bench trial. While it is difficult to estimate the expected length of the trial at this point, Plaintiff expects that trial will require at least **ten (10) court days** and Defendant expects that the trial will require at least **five (5) court days**.

    **19. Disclosure of Non-Party Interested Entities or Persons**

On January 7, 2013, Defendant filed its "Certification of Interested Entities or Persons" as required by Civil Local Rule 3-16. The Certification states that eBay Inc. is the only named defendant. The Certification also refers to Paragraph 9 of the Complaint, which identifies "Intuit and senior executives at Intuit and eBay" as co-conspirators in the alleged violation.

    **20. Nationwide Service of Trial Subpoenas**

Good cause having been shown in view of the geographic dispersion of potential witnesses in this action, the parties are permitted, pursuant to 15 U.S.C. § 23, to issue trial subpoenas that may run into any other federal district requiring witnesses to attend this

17

Court.  The availability of nationwide service of process, however, does not make a witness that is otherwise "unavailable" for purposes of Fed. R. Civ. P. 32 and Fed. R. Evid. 804, available under those rules.

**21.      Other Matters**

By signing this Joint Case Management Statement and [Proposed] Order, the counsel for each party listed below concur in its filing. This document is being filed through the Electronic Case Filing (ECF) system by attorney N. Scott Sacks of the United States Department of Justice, Antitrust Division. By his signature, he attests that the United States has obtained concurrence in the filing of this document from each counsel signing the stipulation, pursuant to Civil Local Rule 5-1(i)(3). Copies of those signature pages have been scanned in and attached in accord with the rule.

Dated:   November 8, 2013                                        Respectfully Submitted,

/s/
N. Scott Sacks
Counsel for Plaintiff United States
United States Department of Justice,
Antitrust Division
450 Fifth Street, NW, Suite 7100
Washington, DC 20530
Telephone: (202) 307-6200
Facsimile: (202) 616-8544
scott.sacks@usdoj.gov

/s/
Thomas P. Brown
Attorney for Defendant eBay Inc.
PAUL HASTINGS LLP
55 Second Street, Twenty-Fourth Floor
San Francisco, CA  94105-3441
Telephone: (415) 856-7000
Facsimile:  (415) 856-7100
tombrown@paulhastings.com

Dated: November 8, 2013

Respectfully Submitted,

*/s/ N. Scott Sacks*

N. Scott Sacks
Counsel for Plaintiff United States
United States Department of Justice,
Antitrust Division
450 Fifth Street, NW, Suite 7100
Washington, DC 20530
Telephone: (202) 307-6200
Facsimile: (202) 616-8544
scott.sacks@usdoj.gov

*/s/ Thomas P. Brown*

Thomas P. Brown
Attorney for Defendant eBay Inc.
PAUL HASTINGS LLP
55 Second Street, Twenty-Fourth Floor
San Francisco, CA 94105—3441
Telephone: (415) 856-7000
Facsimile: (415) 856-7100
tombrown@paulhastings.com

CASE MANAGEMENT ORDER

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

IT IS SO ORDERED.

Dated: _____    _____

                                                      Edward J. Davila
                                                      United States District Court Judge