N. Scott Sacks, Attorney (D.C. Bar No. 913087)
Lawrence E. Buterman (D.C. Bar No. 998738)
Jessica N. Butler-Arkow, Attorney (D.C. Bar No. 430022)
Danielle Hauck (Member, New York Bar, numbers not assigned)
Anna T. Pletcher, Attorney (California Bar No. 239730)
Adam Severt, Attorney (Member, Maryland Bar, numbers not assigned)
Ryan Struve, Attorney (D.C. Bar No. 495406)
Shane Wagman, Attorney (California Bar No. 283503)
United States Department of Justice, Antitrust Division
450 Fifth Street NW, Suite 7100
Washington, DC 20530
Telephone: 202-307-6200
Facsimile: 202-616-8544
Email: scott.sacks@usdoj.gov

Attorneys for Plaintiff United States of America

THOMAS P. BROWN (SB# 182916)
SAMUEL C. ZUN (SB# 264930)
EMILY DODDS POWELL (SB# 274488)
PAUL HASTINGS LLP
55 Second Street
Twenty-Fourth Floor
San Francisco, CA  94105-3441
Telephone:  1(415) 856-7000
Facsimile:  1(415) 856-7100

MARY JEAN MOLTENBREY (D.C. Bar No. 481127)
KIRBY D. BEHRE (D.C. Bar No. 398461)
PAUL HASTINGS LLP
875 15th Street, N.W.
Washington, D.C.  20005
Telephone:  1(202) 551-1700
Facsimile:  1(202) 551-0225

Attorneys for Defendant eBay Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>v.<br><br>EBAY, INC.<br><br>                              Defendant. | Case No.    CV12-5869-EJD-PSG<br><br>STIPULATION AND [PROPOSED]<br>PROTECTIVE ORDER |

1

2   1.      PURPOSES AND LIMITATIONS

3           Disclosure and discovery activity in this action are likely to involve production of

4   confidential, proprietary, or private information for which special protection from public disclosure

5   and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly,

6   the parties hereby stipulate to and petition the Court to enter the following Stipulation and Proposed

7   Protective Order ("Protective Order" or "Order"). The parties acknowledge that this Order does not

8   confer blanket protections on all disclosures or responses to discovery and that the protection it

9   affords from public disclosure and use extends only to the limited information or items that are

10  entitled to confidential treatment under the applicable legal principles. The parties further

11  acknowledge, as set forth in Section 12.3, below, that this Order does not entitle them to file

12  confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be

13  followed and the standards that will be applied when a party seeks permission from the Court to file

14  material under seal.

15  2.      DEFINITIONS

16          2.1     Challenging Party:  a Party or Non-Party that challenges the designation of

17  information or items under this Order.

18          2.2     "CONFIDENTIAL" Information or Items:  information (regardless of how it is

19  generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of

20  Civil Procedure 26(c), including, but not limited to, items that contain or are derived from trade

21  secrets or other confidential research, development, or commercial information of current

22  commercial value.

23          2.3     Counsel (without qualifier):  Outside Counsel of Record and House Counsel (as well

24  as their support staff).

25          2.4     Defendant:  eBay Inc.

26          2.5     Designating Party:  a Party or Non-Party that designates information or items that it

27

28  STIPULATION AND [PROPOSED] PROTECTIVE ORDER
    CASE NO. 12-CV-05869-EJD-PSG

2

produces in disclosures or in responses to discovery as "CONFIDENTIAL," "HIGHLY

CONFIDENTIAL," and/or "PII."

2.6 <u>Disclosure or Discovery Material</u>: any Investigation Materials, and all items or

information, regardless of the medium or manner in which it is generated, stored, or maintained

(including, among other things, testimony, transcripts, and tangible things), that are produced or

generated in disclosures or responses to discovery in this matter.

2.7 <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to

the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a

consultant in this action, and who is not a current employee of a Party or of a competitor of a Party.

2.8 <u>House Counsel</u>: attorneys who are employees of Defendant. House Counsel does not

include Outside Counsel of Record or any other outside counsel.

2.9 <u>"HIGHLY CONFIDENTIAL" Information or Items</u>: CONFIDENTIAL

Information that the Disclosing Party determines could potentially cause irreparable commercial

harm to the Disclosing Party if disclosed.

2.10 <u>Investigation</u>: Plaintiff's pre-Complaint investigation into possible bilateral

agreements between Defendant and Intuit, Inc. regarding the solicitation, cold-calling, recruiting,

and/or hiring of each of the others' employees.

2.11 <u>Investigation Materials</u>: Documents, data, or electronically stored information that

(i) any Party has produced during the Investigation; (ii) any Non-Party provided to any Party

either voluntarily or under compulsory process during the Investigation; or (iii) any Party sent to

any Non-Party during the Investigation.

2.12 <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal

entity not named as a Party to this action.

2.13 <u>Outside Counsel of Record</u>: attorneys who are not employees of Defendant but are

retained to represent or advise Defendant and have appeared in this action on behalf of Defendant or

are affiliated with a law firm which has appeared on behalf of Defendant.

STIPULATION AND [~~PROPOSED~~] PROTECTIVE ORDER
CASE NO. 12-CV-05869-EJD-PSG

1    2.14    Party:  any party to this action, including all of its officers, directors, employees,

2    consultants, retained experts, and Outside Counsel of Record (and their support staffs).

3    2.15    PII ("Personally Identifiable Information"):   all documents, items, or information,

4    regardless of the medium or manner in which it is generated, stored, or maintained (including but

5    not limited to Investigation Materials, testimony, transcripts, and tangible things), that:

6    (i)   qualifies for protection under Federal Rule of Civil Procedure 5.2(a); or

7    (ii)  contains identifiable employment/employee information, including but not

8    limited to, education history, employee evaluations, employment applications, referrals of

9    potential employees, resume or curriculum vitae, salary and benefits information, personnel

10   records, and employment history, biometric records, and medical history, and that also contains

11   information which can be used to distinguish or trace an individuals' identity, such as their name,

12   social security number, home address, personal phone number, personal email address, date and

13   place of birth, mother's maiden name, finger or voice print, photograph, etc., including any other

14   personal information which is linked or linkable to a specific individual.

15   2.16    Plaintiff:  the United States of America, the Antitrust Division of the Department of

16   Justice, and all employees, agents, and representatives of the Antitrust Division of the Department

17   of Justice.

18   2.17    Privileged Information:  information subject to a claim of privilege including, but not

19   limited to, the attorney-client privilege, work product doctrine, and any other applicable privilege.

20   2.18    Producing Party:  a Party or Non-Party that produces Disclosure or Discovery

21   Material in this action.

22   2.19    Professional Vendors:  persons or entities that provide litigation support services

23   (e.g., electronic discovery, photocopying, videotaping, translating, preparing exhibits or

24   demonstrations, and organizing, storing, or retrieving data in any form or medium) and their

25   employees and subcontractors.

26   2.20    Protected Material:  any Disclosure or Discovery Material that is designated as

27

28   
4

STIPULATION AND [PROPOSED] PROTECTIVE ORDER
CASE NO. 12-CV-05869-EJD-PSG

1    "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," and/or "PII."

2         2.21   Receiving Party:  a Party that receives Disclosure or Discovery Material from a

3    Producing Party.

4    3.    SCOPE

5         The protections conferred by this Order cover not only Protected Material (as defined above),

6    but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts,

7    summaries, or compilations of Protected Material; and (3) any testimony, conversations, or

8    presentations by Parties (or their Counsel) and Non-Parties (or their counsel) that might reveal

9    Protected Material. However, the protections conferred by this Order do not cover the following

10   information: (a) any information that is in the public domain at the time of disclosure to a Receiving

11   Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of

12   publication not involving a violation of this Order, including becoming part of the public record

13   through trial or otherwise; and (b) any information known to the Receiving Party prior to the

14   disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the

15   information lawfully and under no obligation of confidentiality to the Designating Party. Any use of

16   Protected Material at trial shall be governed by a separate agreement or order.

17   4.    DURATION

18        Even after final disposition of this litigation, the confidentiality obligations imposed by this

19   Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order

20   otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and

21   defenses in this action, with or without prejudice; and (2) final judgment herein after the completion

22   and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the

23   time limits for filing any motions or applications for extension of time pursuant to applicable law.

24   This Court expressly retains jurisdiction over this action for enforcement of the provisions of this

25   Order following the final disposition of this litigation.

26

27

28
STIPULATION AND [~~PROPOSED~~] PROTECTIVE ORDER
CASE NO. 12-CV-05869-EJD-PSG

5.      DESIGNATING PROTECTED MATERIAL

5.1      Service of Protective Order. Within five (5) business days after the Court's entry of this Protective Order, Plaintiff shall send, by electronic mail, facsimile, or overnight delivery, a copy of this Protective Order to each Non-Party that produced Investigation Materials (or, if represented by counsel, the Non-Party's counsel). Whenever discovery is sought by subpoena from a Non-Party, a copy of this Protective Order shall accompany the subpoena.

5.2      Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions. If Disclosure or Discovery Material contains both PII and either HIGHLY CONFIDENTIAL or CONFIDENTIAL Information, then such Disclosure or Discovery Material must be clearly labeled with each applicable designation.

Each Producing Party shall make efforts that are reasonably designed to protect its CONFIDENTIAL Information, HIGHLY CONFIDENTIAL Information, and/or PII.  If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.3      Manner and Timing of Designations.  Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.3(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)  for information in documentary form (e.g., paper or electronic documents, but

6

1   excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party

2   affix the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," and/or "PII," whichever is

3   applicable, to each page that contains Protected Material. With the exception of Investigation

4   Materials, in the case of electronic documents produced in native format, the Producing Party shall

5   include a designation of "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," and/or "PII" in the

6   filename, and the Parties must treat the entire document according to that confidentiality designation.

7          A Party or Non-Party that makes original documents or materials available for inspection

8   need not designate them for protection until after the inspecting Party has indicated which material it

9   would like copied and produced. During the inspection and before the designation, all of the material

10  made available for inspection shall be deemed "HIGHLY CONFIDENTIAL." After the inspecting

11  Party has identified the documents it wants copied and produced, the Producing Party must

12  determine which documents, or portions thereof, qualify for protection under this Order. Then,

13  before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL,"

14  "HIGHLY CONFIDENTIAL," and/or "PII" legend, whichever is applicable, to each page that

15  contains Protected Material.

16         In the case of expert reports, interrogatory answers, responses to requests for admissions, and

17  the information contained therein, designation shall be made by means of a statement on the cover

18  page or in the answers or responses specifying that the document contains material designated

19  "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," and/or "PII."  The following legend shall be

20  placed on the front of any set of expert reports, interrogatory answers, or responses to requests for

21  admission containing CONFIDENTIAL Information, HIGHLY CONFIDENTIAL Information, or

22  PII: "CONTAINS CONFIDENTIAL INFORMATION," "CONTAINS HIGHLY CONFIDENTIAL

23  INFORMATION," or "CONTAINS PII," whichever is appropriate.

24         (b)  for testimony given in deposition or in other pretrial or trial proceedings, all

25  transcripts of depositions taken in this action after the entry of the Protective Order will be treated as

26  "HIGHLY CONFIDENTIAL" in their entirety for thirty (30) calendar days after the date a copy of

27

28  STIPULATION AND [~~PROPOSED~~] PROTECTIVE ORDER
    CASE NO. 12-CV-05869-EJD-PSG

the final transcript has been made available to the deponent for review and designation, unless otherwise agreed. After the expiration of this thirty (30) calendar day period for designation, the transcript shall be treated only as actually designated.

No later than five (5) days after receipt of the final transcript, the Party that noticed the deposition shall provide the final transcript to the deponent. At any time during the thirty (30) calendar days following the deponent's receipt of the final transcript, the deponent may designate testimony as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," and/or "PII," whichever is applicable.  These designations (with reference to the page(s) and line(s) of the final transcript) must be provided in writing to Plaintiff's and Defendant's counsel at the expiration of the thirty (30) calendar day period. In transcripts containing Protected Material, the title page shall be followed by a slip-sheet provided by the deponent that lists all of the pages (including exhibits or line numbers as appropriate) that have been designated as Protected Material. The Party that noticed the deposition shall inform the court reporter of these requirements.  If all or part of a videotaped deposition is designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," and/or "PII," the videocassette or other videotape container, or the CD or DVD, shall be labeled with the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," and/or "PII," whichever is applicable.

The parties may modify this procedure for any particular deposition or proceeding through agreement on the record at such deposition or proceeding or otherwise by written stipulation, without further order of the Court.

(c)  for Non-Party documents used in depositions, if any document designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," and/or "PII" is used during the course of a deposition, the Party that noticed the deposition shall cause the portion of the deposition record reflecting such Protected Material to be sealed and marked according to the procedures set forth in Section 5.3(b) (i.e., via a slip-sheet inserted behind the cover page that provides designations and corresponding page and line numbers), and access thereto and handling thereof shall be limited pursuant to the terms of this Protective Order.

STIPULATION AND [PROPOSED] PROTECTIVE ORDER
CASE NO. 12-CV-05869-EJD-PSG

(d)  for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," and/or "PII," whichever is applicable.  If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

(e)  to the extent that any Party or Counsel for any Party creates, develops or otherwise establishes on any digital or analog machine-readable device, recording media, computers, discs, networks or tapes any information, files, databases or programs that contain information designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," and/or "PII," that Party and/or its Counsel must take all necessary steps to insure that access to that electronic or magnetic media is properly restricted to those persons who, by the terms of this Protective Order, may have access to CONFIDENTIAL or HIGHLY CONFIDENTIAL Information, and/or PII.

5.4    Designation of Investigation Material.  All Investigation Materials will be treated as if they have been designated "HIGHLY CONFIDENTIAL" in their entirety for sixty (60) calendar days after the entry of this Protective Order. At any time during the sixty (60) calendar day period, the Producing Party may designate any document or portion of a document produced during the Investigation as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," and/or "PII" by providing the Receiving Party with document-production page numbers or other means of easily identifying the designated documents. Within seven (7) business days following the sixty (60)-day period, the Receiving Party shall transmit to the other Party all confidentiality designations received from Non-Parties.

5.5    Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated

9

in accordance with the provisions of this Order.  Any subsequent designation, however, will not render the prior disclosure a violation of this Protective Order if disclosure was proper when made.

6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges.  Any Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within fourteen (14) days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the other Party is unwilling to participate in the meet and confer process in a timely manner.

6.3     Judicial Intervention.  If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within twenty-one (21) days of the initial notice of challenge or within fourteen (14) days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must

STIPULATION AND [~~PROPOSED~~] PROTECTIVE ORDER
CASE NO. 12-CV-05869-EJD-PSG

be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within twenty-one (21) days (or fourteen (14) days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

6.4     Treatment of Challenged Disclosure or Discovery Material.  Any Disclosure or Discovery Material that has been designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," and/or "PII", and that has been challenged pursuant to this Section shall be treated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," and/or "PII," whichever is applicable, until the challenge to the confidentiality designation has been resolved by agreement, waiver, or by Court order.

7.     ACCESS TO AND USE OF PROTECTED MATERIAL

7.1     Basic Principles. This Protective Order constitutes a court order within the meaning of the Privacy Act, 5 U.S.C. § 552a(b)(11).  Subject to the exceptions described in this Protective Order, a Receiving Party may use Protected Material that is disclosed or produced by another Party

STIPULATION AND [PROPOSED] PROTECTIVE ORDER
CASE NO. 12-CV-05869-EJD-PSG

1  or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to

2  settle this litigation. Such Protected Material may be disclosed only to the categories of persons and

3  under the conditions described in this Order. When the litigation has been terminated, a Receiving

4  Party must comply with the provisions of Section 13 below ("FINAL DISPOSITION").

5  Protected Material must be stored and maintained by a Receiving Party at a location and in a

6  secure manner that ensures that access is limited to the persons authorized under this Order.

7  7.2 Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by

8  the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any

9  information or item designated "CONFIDENTIAL" only to:

10  (a) Outside Counsel of Record in this action, as well as employees and independent

11  contractors of said Outside Counsel of Record to whom it is reasonably necessary to disclose the

12  information for this litigation and who have signed the "Acknowledgment and Agreement to Be

13  Bound" that is attached hereto as Exhibit A;

14  (b) House Counsel, as well as the specified House Counsel's necessary secretarial,

15  clerical, administrative, or support staff, as long as the specified House Counsel (1) are not

16  involved in competitive decision-making, (2) is someone to whom disclosure is reasonably

17  necessary for this litigation, and (3) have signed the "Acknowledgement and Agreement to Be

18  Bound" (Exhibit A), provided that the Receiving Party shall, in advance of disclosing any

19  CONFIDENTIAL Information or Items pursuant to this provision, provide to the other Party and

20  the Designating Party the names of the House Counsel to whom any CONFIDENTIAL

21  Information or Items shall be disclosed;

22  (c) United States Department of Justice attorneys and employees, and independent

23  contractors retained by the United States Department of Justice to whom disclosure is reasonably

24  necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be

25  Bound" (Exhibit A);

26  (d) during the pendency of *California v. eBay, Inc.*, Case No. 5:12-cv-5874-EJD (N.D.

27

28  STIPULATION AND [~~PROPOSED~~] PROTECTIVE ORDER
CASE NO. 12-CV-05869-EJD-PSG

12

Cal., filed Nov. 16, 2012), State of California Department of Justice attorneys and employees, and independent contractors retained by the State of California Department of Justice to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e)  Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)  the Court and its personnel;

(g)  court reporters and their staff, professional trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(h)  during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be sealed and marked pursuant to the procedures contained in Section 5.3(b) (i.e., via a slip-sheet inserted behind the cover page that provides designations and corresponding line and page numbers), and may not be disclosed to anyone except as permitted under this Order;

(i)  the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(j)  persons (and their counsel) whom either Party believes, in good faith, to have had prior access to the Protected Material, or who have been participants in a communication that is the subject of the Protected Materials, may have access to Protected Material to the extent necessary to verify the person's access or participation. In seeking to verify a person's access or participation, a Party may disclose only information to which the person may have had access or that is the subject of the communication in which the person may have participated. Unless and until the person or the

person's counsel confirms that the person had access or was a participant, disclosure must be limited to the information necessary to confirm the person's access or participation; and

(k)  any other person to whom the Producing Party that produced the Protected Material agrees in writing or on the record in advance of the disclosure.

7.3      Disclosure of "HIGHLY CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL" only to:

(a)  Outside Counsel of Record in this action, as well as employees and independent contractors of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b)  upon a motion for good cause, specified House Counsel, as well as the specified House Counsel's necessary secretarial, clerical, administrative, or support staff, as long as the specified House Counsel (1) are not involved in competitive decision-making, (2) is someone to whom disclosure is reasonably necessary for this litigation, and (3) have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

(c)  United States Department of Justice attorneys and employees, and independent contractors retained by the United States Department of Justice to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) during the pendency of *California v. eBay, Inc.*, Case No. 5:12-cv-5874-EJD (N.D. Cal., filed Nov. 16, 2012), State of California Department of Justice attorneys and employees, and independent contractors retained by the State of California Department of Justice to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e)  Experts (as defined in this Order) of the Receiving Party to whom disclosure is

STIPULATION AND [~~PROPOSED~~] PROTECTIVE ORDER
CASE NO. 12-CV-05869-EJD-PSG

1  reasonably necessary for this litigation and who have signed the "Acknowledgment and

2  Agreement to Be Bound" (Exhibit A);

3       (f)  the Court and its personnel;

4       (g)  court reporters and their staff, professional trial consultants, and Professional Vendors

5  to whom disclosure is reasonably necessary for this litigation and who have signed the

6  "Acknowledgment and Agreement to Be Bound" (Exhibit A);

7       (h)  during their depositions, witnesses in the action to whom disclosure is reasonably

8  necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A),

9  unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed

10  deposition testimony or exhibits to depositions that reveal Protected Material must be sealed and

11  marked pursuant to the procedures contained in Section 5.3(b) (i.e., via a slip-sheet inserted behind

12  the cover page that provides designations and corresponding line and page numbers), and may not

13  be disclosed to anyone except as permitted under this Order;

14       (i)  the author or recipient of a document containing the information or a custodian or other

15  person who otherwise possessed or knew the information;

16       (j)  persons (and their counsel) whom either Party believes, in good faith, to have had prior

17  access to the Protected Material, or who have been participants in a communication that is the

18  subject of the Protected Materials, may have access to Protected Material to the extent necessary

19  to verify the person's access or participation. In seeking to verify a person's access or

20  participation, a Party may disclose only information to which the person may have had access or

21  that is the subject of the communication in which the person may have participated. Unless and

22  until the person or the person's counsel confirms that the person had access or was a participant,

23  disclosure must be limited to the information necessary to confirm the person's access or

24  participation; and

25       (k)  any other person to whom the Producing Party that produced the Protected Material

26  agrees in writing or on the record in advance of the disclosure.

27

28  
STIPULATION AND [~~PROPOSED~~] PROTECTIVE ORDER
CASE NO. 12-CV-05869-EJD-PSG

7.4     <u>Disclosure of "PII."</u>  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "PII" only to:

(a)  Outside Counsel of Record in this action, as well as employees and independent contractors of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b)  United States Department of Justice attorneys and employees, and independent contractors retained by the United States Department of Justice to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) during the pendency of *California v. eBay, Inc.*, Case No. 5:12-cv-5874-EJD (N.D. Cal., filed Nov. 16, 2012), State of California Department of Justice attorneys and employees, and independent contractors retained by the State of California Department of Justice to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)  Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e)  the Court and its personnel;

(f)  court reporters and their staff, professional trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)  during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed

16
STIPULATION AND [~~PROPOSED~~] PROTECTIVE ORDER
CASE NO. 12-CV-05869-EJD-PSG

deposition testimony or exhibits to depositions that reveal Protected Material must be sealed and marked pursuant to the procedures contained in Section 5.3(b) (i.e., via a slip-sheet inserted behind the cover page that provides designations and corresponding line and page numbers), and may not be disclosed to anyone except as permitted under this Order.

(h) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(i) persons (and their counsel) whom either Party believes, in good faith, to have had prior access to the Protected Material, or who have been participants in a communication that is the subject of the Protected Materials, may have access to Protected Material to the extent necessary to verify the person's access or participation. In seeking to verify a person's access or participation, a Party may disclose only information to which the person may have had access or that is the subject of the communication in which the person may have participated. Unless and until the person or the person's counsel confirms that the person had access or was a participant, disclosure must be limited to the information necessary to confirm the person's access or participation; and

(j) any other person to whom the Producing Party that produced the Protected Material agrees in writing or on the record in advance of the disclosure.

A Party seeking to designate as an exhibit documents containing PII shall cause all PII to be redacted from such documents prior to its designation as an exhibit. A Party seeking to file in the public record documents containing PII shall cause all such information to be redacted from such documents prior to filing.

7.5    <u>Disclosure of Confidentiality Waiver</u>. If a Party receives a confidentiality waiver to allow disclosure of Protected Materials, that waiver (including identifying the specific Protected Material to which it pertains) must be disclosed to counsel for all other Parties as soon as practicable, but in any event no later than five (5) business days following receipt of the waiver.

7.6    <u>Otherwise Permitted Disclosures</u>. Nothing in this Protective Order:

STIPULATION AND [~~PROPOSED~~] PROTECTIVE ORDER
CASE NO. 12-CV-05869-EJD-PSG

(a) limits a person's use or disclosure of its own information that it has designated as Protected Material;

(b) prevents disclosure of Protected Material by any Party to any current employee of the person that designated the information as Protected Material;

(c) prevents the United States, subject to taking appropriate steps to preserve the further confidentiality of such information, from disclosing information designated as Protected Material (i) to secure compliance with a Final Judgment that is entered in this action; (ii) for law enforcement purposes, or (iii) as may be required by law;

(d) prevents the State of California, during the pendency of *California v. eBay, Inc.*, Case No. 5:12-cv-5874-EJD (N.D. Cal., filed Nov. 16, 2012), subject to taking appropriate steps to preserve the further confidentiality of such information, from disclosing information designated as Protected Material (i) to secure compliance with a Final Judgment that is entered in this action; (ii) for law enforcement purposes, or (iii) as may be required by law; or

(e) prohibits the discussion of factual events with witnesses simply because those events are referenced in documents or other materials designated as Protected Material, provided that the witness in question had knowledge or lawful access to the particular information being discussed.

8.  **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," and/or "PII," that Party must:

(a) notify in writing the Designating Party as soon as practicable and in any event no later than three (3) business days after receiving such subpoena or order. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the person who caused the subpoena or order to issue in

18

STIPULATION AND [~~PROPOSED~~] PROTECTIVE ORDER
CASE NO. 12-CV-05869-EJD-PSG

1  the other litigation that some or all of the material covered by the subpoena or order is subject to this

2  Protective Order. Such notification shall include a copy of this Order; and

3        (c)  cooperate with respect to all reasonable procedures sought to be pursued by the

4  Designating Party whose Protected Material may be affected.

5       If the Designating Party timely seeks a protective order, the Party served with the subpoena

6  or court order shall not produce any information designated in this action as "CONFIDENTIAL,"

7  "HIGHLY CONFIDENTIAL," and/or "PII" before a determination by the court from which the

8  subpoena or order issued, unless the Party has obtained the Designating Party's permission. The

9  Designating Party shall bear the burden and expense of seeking protection in that court of its

10  confidential material – and nothing in these provisions should be construed as authorizing or

11  encouraging a Receiving Party in this action to disobey a lawful directive from another court.

12  9.  <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS

13      LITIGATION</u>

14      (a)  The terms of this Order are applicable to information produced by a Non-Party in this

15  action and designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," and/or "PII." Such

16  information produced by Non-Parties in connection with this litigation is protected by the

17  remedies and relief provided by this Order. Nothing in these provisions should be construed as

18  prohibiting a Non-Party from seeking additional protections.

19      (b)  In the event that a Party is required, by a valid discovery request or mandatory

20  disclosure, to produce a Non-Party's Protected Material in its possession, and the Party is subject

21  to an agreement with the Non-Party not to produce the Non-Party's Protected Material, then the

22  Party shall:

23        (1)  promptly notify in writing the Requesting Party and the Non-Party that some or

24  all of the information requested is subject to a confidentiality agreement with a Non-Party;

25        (2)  promptly provide the Non-Party with a copy of this Order in this litigation, the

26  relevant discovery request(s), and a reasonably specific description of the information requested; and

27

28  STIPULATION AND [~~PROPOSED~~] PROTECTIVE ORDER
CASE NO. 12-CV-05869-EJD-PSG

1      (3)  make the information requested available for inspection by the Non-Party.

2      (c)  If the Non-Party fails to object or seek a protective order from this Court within

3  fourteen (14) days of receiving the notice and accompanying information, the Receiving Party

4  may produce the Non-Party's confidential information responsive to the discovery request

5  pursuant to the terms of this Protective Order. If the Non-Party timely seeks a protective order, the

6  Receiving Party shall not produce any information in its possession or control that is subject to the

7  confidentiality agreement with the Non-Party before a determination by the Court.  Absent a court

8  order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this

9  Court of its Protected Material.

10  10.      UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

11      If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

12  Material to any person or in any circumstance not authorized under this Order, the Receiving Party

13  must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use

14  its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or

15  persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request

16  such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is

17  attached hereto as Exhibit A.

18  11.      INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED

19          MATERIAL

20      (a)  Each Producing Party shall make efforts that are reasonably designed to protect its

21  Privileged Information.  The inadvertent or unintentional disclosure by the producing party of

22  Privileged Information, regardless of whether the information was so designated at the time of

23  disclosure, shall not be deemed a waiver in whole or in part of a party's claim of privilege.  When a

24  Producing Party gives notice to Receiving Parties that certain inadvertently produced material is

25  subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those

26  set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify

27

28
STIPULATION AND [PROPOSED] PROTECTIVE ORDER
CASE NO. 12-CV-05869-EJD-PSG

whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the Court. When a particular discovery request requires a production or inspection that is too voluminous, expedited, or complex (such as certain electronic productions) to allow for an adequate pre-production reviews, the parties may enter into a non-waiver agreement for that particular production.

(b) A Producing Party who has inadvertently produced Privileged Information may provide a written request for the return of such item or items of information.  Where applicable, such written request shall be accompanied by substitute copies of each item of Disclosure or Discovery Material, appropriately redacted. Because of the large volume of electronic documents that may be produced in this case, there is a presumption that the production of any Privileged Information is inadvertent if the Producing Party makes a showing that it has made efforts which are reasonably designed to protect its Privileged Information.

12.    <u>MISCELLANEOUS</u>

12.1    <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2    <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence any of the material covered by this Protective Order.

12.3    <u>Filing Protected Material</u>. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal

21

pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(d) is denied by the Court, then the Receiving Party may file the information in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the Court.

12.4    A Party's compliance with the terms of this Protective Order shall not operate as an admission that any item of Disclosure or Discovery Material is or is not admissible in evidence at trial.

12.5    No Party shall be subject to sanctions under this Order so long as the Party was acting in good faith and immediately undertook any necessary or reasonable remedial actions.

13.    <u>FINAL DISPOSITION</u>

Within sixty (60) days after the final disposition of this action, as defined in Section 4 (DURATION), each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty (60) day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product produced in connection with this litigation, even if such materials contain Protected Material. Any such archival copies that contain or constitute

STIPULATION AND [~~PROPOSED~~] PROTECTIVE ORDER
CASE NO. 12-CV-05869-EJD-PSG

1   Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

2   Nothing in this Section, however, restricts the rights of the Plaintiff under Section 7.6(c) of this

3   Protective Order to retain and use Protected Material for law enforcement purposes or as otherwise

4   required by law.

5   14.        RIGHT TO SEEK MODIFICATION

6           Nothing in this Protective Order prevents any person, including members of the public,

7   from seeking modification of this Protective Order, upon motion made pursuant to the rules of this

8   Court.

9   IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

10

11  DATED: November 22, 2013                    /s/

12
                                        N. Scott Sacks
13                                      Counsel for Plaintiff United States
                                        United States Department of Justice, Antitrust
14                                      Division
                                        450 Fifth Street, NW, Suite 7100
15                                      Washington, DC 20530
                                        Telephone: (202) 307-6200
16                                      Facsimile: (202) 616-8544
                                        scott.sacks@usdoj.gov
17

18

19  DATED: November 22, 2013                    /s/

20                                      Thomas P. Brown
                                        Attorney for Defendant eBay Inc.
21                                      PAUL HASTINGS LLP
                                        55 Second Street, Twenty-Fourth Floor
22                                      San Francisco, CA  94105—3441
                                        Telephone: (415) 856-7000
23                                      Facsimile:  (415) 856-7100
                                        tombrown@paulhastings.com
24

25

26

27
                                        23
28  STIPULATION AND [PROPOSED] PROTECTIVE ORDER
    CASE NO. 12-CV-05869-EJD-PSG

Dated: November 22, 2013          Respectfully Submitted,

N. Scott Sacks
Counsel for Plaintiff United States
United States Department of Justice,
Antitrust Division
450 Fifth Street, NW, Suite 7100
Washington, DC 20530
Telephone: (202) 307-6200
Facsimile: (202) 616-8544
scott.sacks@usdoj.gov

Thomas P. Brown
Attorney for Defendant eBay Inc.
PAUL HASTINGS LLP
55 Second Street, Twenty-Fourth Floor
San Francisco, CA 94105—3441
Telephone: (415) 856-7000
Facsimile: (415) 856-7100
tombrown@paulhastings.com

STIPULATION AND [PROPOSED] PROTECTIVE ORDER
CASE NO. 12-CV-05869-EJD-PSG

1

**ORDER**

2

PURSUANT TO STIPULATION, IT IS SO ORDERED.

3

4

DATED: _____November 22, 2013_____

Hon. Paul S. Grewal
United States Magistrate Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATION AND [PROPOSED] PROTECTIVE ORDER
CASE NO. 12-CV-05869-EJD-PSG

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Order that was issued by the United States District Court for the Northern District of California on _____, 2013, in the case of *United States v. eBay, Inc.*, 12-cv-5869-EJD-PSG. I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

25
STIPULATION AND [PROPOSED] PROTECTIVE ORDER
CASE NO. 12-CV-05869-EJD-PSG

1

2 **ATTESTATION**

3     I, N. Scott Sacks, am the ECF User whose identification and password are being used to

4 file the **STIPULATION AND [~~PROPOSED~~] PROTECTIVE ORDER**. In compliance with

5 Civil Local Rule 5-l(i)(3), I hereby attest that Thomas Brown, counsel for Defendant, has

6 concurred in this filing.

7

8 Dated: November 22, 2013                    Respectfully Submitted,

9

10                                   _____/s/_____

11                                   N. Scott Sacks
                                      Counsel for Plaintiff United States
12                                   United States Department of Justice,
                                      Antitrust Division
13                                   450 Fifth Street, NW, Suite 7100
                                      Washington, DC 20530
14                                   Telephone: (202) 307-6200
                                      Facsimile: (202) 616-8544
15                                   scott.sacks@usdoj.gov

16

17

18

19

20

21

22

23

24

25

26

27                                        26